UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AUDRIN DESARDOUIN,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>    Defendant. | :<br>:<br>:  CIVIL ACTION NO.<br>:  3:02CV2086 (JCH)<br>:<br>:<br>:<br>:  November 19, 2003<br>:<br>: |

### AMENDED ANSWER

Pursuant to Fed. R. Civ. P. 15(a), Defendant United Parcel Service, Inc. ("UPS"), by and through its undersigned attorneys, for its Amended Answer to the correspondingly numbered paragraphs of plaintiff Audrin Desardouin's Amended Complaint ("Amended Complaint"), dated October 17, 2003, hereby alleges as follows:

1. Denies knowledge or information sufficient to form a belief, except admits that plaintiff is a black male of Haitian descent and operates a store known as A-D Fine Men's Store located at 243 Main Street, Norwich, Connecticut.

2. Admits, except avers that UPS maintained a receiving and delivery facility located in Bozrah, Connecticut rather than as alleged in this paragraph.

3. Denies knowledge or information sufficient to form a belief.

4. Denies, except admits that UPS has delivered packages from GCI to plaintiff on at least one occasion.

5. Denies, except admits that on or about July 20, 2001, David Pellerin, a UPS supervisor, directed Robert Allen, a UPS driver, to confirm with plaintiff that he had the requisite COD payments for a large number of packages before delivering the shipment.

6. Denies knowledge or information sufficient to form a belief as to allegations concerning statements made by third parties to plaintiff contained in the third, fourth and fifth sentences of paragraph 6 of the Amended Complaint. Admits that UPS delivered the shipment to plaintiff on or about July 20, 2001. Except as so expressly admitted or as denied for lack of knowledge or information, UPS denies the allegations of paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to allegations concerning plaintiff's arrangements with third parties contained in the second sentence of paragraph 7 of the Amended Complaint. Admits that COD tags or system-generated labels with payment instructions are attached to COD packages delivered by UPS, and further admits that a number of the COD packages delivered to plaintiff on or about July 20, 2001, had labels requiring payment by cashiers check or money order. Except as so expressly admitted or as denied for lack of knowledge or information, UPS denies the allegations of paragraph 7.

8. Denies knowledge or information sufficient to form a belief as to allegations concerning plaintiff's arrangements with third parties contained in the third sentence of paragraph 8 of the Amended Complaint. Admits that plaintiff paid for the COD packages delivered to plaintiff on or about July 20, 2001 in part by money order and in part by two post-dated business checks. Except as so expressly admitted or as denied for lack of knowledge or information, UPS denies the allegations of paragraph 8.

9. Denies knowledge or information sufficient to form a belief as to allegations concerning plaintiff's checking and bank accounts contained in the third and fourth sentence of paragraph 9 of the Amended Complaint, or as to allegations concerning plaintiff's expectations as contained in the fourth sentence of paragraph 9 of the Amended Complaint. Admits upon information and belief that in or about July 2001, UPS deposited checks collected from plaintiff for COD deliveries for failure to follow the shipper's instructions, and further avers that UPS paid the shipper for the COD shipment with a check from United Parcel Service. Except as so expressly admitted or as denied for lack of knowledge or information, UPS denies the allegations of paragraph 9.

10. Admits.

11. Denies, except admits that one of plaintiff's checks deposited by UPS was returned for insufficient funds.

12. Denies knowledge or information sufficient to form a belief.

13. Denies knowledge or information sufficient to form a belief.

14. Denies knowledge or information sufficient to form a belief.

15. Denies knowledge or information sufficient to form a belief.

16. Denies, except admits that on or about September 12, 2001, a UPS driver brought a number of boxes for COD shipment to plaintiff; that the UPS driver waited for plaintiff while plaintiff went to the bank to get the COD payment; and that the plaintiff was unable to get the COD payment for the shipment from the bank. UPS further avers that UPS must collect COD payments prior to finalizing delivery to customers.

ny-536978

17. Denies, and avers that the boxes for COD shipment were returned to the UPS facility upon the failure of plaintiff to tender COD payment, and were not on the UPS driver's truck for delivery later that day. UPS further avers that it must collect COD payments prior to finalizing delivery to customers.

18. Denies knowledge or information sufficient to form a belief as to allegations concerning plaintiff's contact with third parties as contained in the first sentence of paragraph 18 of the Amended Complaint, and regarding plaintiff's understanding as contained in the second and third sentences of paragraph 18 of the Amended Complaint, except admits that in or about September 2001, a representative of Maxman, Inc. contacted the UPS facility regarding the delivery of a COD shipment to plaintiff and forwarded, via fax, shipping instructions for the delivery. Except as so expressly admitted or as denied for lack of knowledge or information, UPS denies the allegations of paragraph 18.

19. Admits.

20. Denies knowledge or information sufficient to form a belief as to allegations concerning plaintiff's conversations with third parties as contained in the first and second sentences of paragraph 20 of the Amended Complaint. Admits Al Sheahan spoke with a representative of Maxman, Inc. regarding the delivery of a COD shipment to plaintiff. Except as so expressly admitted or as denied for lack of knowledge or information, UPS denies the allegations of paragraph 20.

21. Admits.

22. Denies, except admits that in or about September 2001, David Pellerin, a UPS supervisor, spoke with plaintiff regarding COD payment issues.

23. Denies knowledge or information sufficient to form a belief as to allegations concerning third parties contained in the first sentence of paragraph 23 of the Amended Complaint. Admits that UPS driver Robert Allen was instructed to follow up with A-D Fine Men's Store regarding a COD payment deficiency. Except as so expressly admitted or as denied for lack of knowledge or information, UPS denies the allegations of paragraph 23.

24. Denies.

25. Denies.

26. States plaintiff's legal argument and conclusions as to which no answer is required.

27. Denies.

28. Denies.

29. Refers to the Release of Jurisdiction/Right to Sue letter dated August 14, 2002, for the full terms and legal effect thereof.

**SECOND COUNT:**

1. [sic] Repeats and realleges each and every response to paragraphs one through twenty-nine (1 – 29) as if fully set forth herein.

30. Denies.

31. States plaintiff's legal argument and conclusions as to which no answer is required.

**THIRD COUNT:**

1. [sic] Repeats and realleges each and every response to paragraphs one through twenty-nine (1-29) as if fully set forth herein.

29. [sic] Denies.

30. [sic] Denies.

ny-536978

31. [sic] Denies.

**FOURTH COUNT:**

1. [sic] Repeats and realleges each and every response to paragraphs one through twenty-nine (1-29) as if fully set forth herein.

29. [sic] Denies.

30. [sic] Denies.

31. [sic] Denies.

32. Denies the Prayer for Relief, and further avers that plaintiff is not entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

33. Without admitting or acknowledging that UPS bears the burden of proof as to any of them, UPS asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

34. The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Carmack Amendment Preemption)**

35. The Amended Complaint is preempted by, *inter alia*, the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706(a) & (c).

### THIRD AFFIRMATIVE DEFENSE

**(Federal Common Law Preemption)**

36. The Amended Complaint is preempted by, *inter alia*, the federal common law governing an air carrier's liability for transporting property.

### FOURTH AFFIRMATIVE DEFENSE

### (FAAAA Preemption)

37. The Amended Complaint is preempted by, *inter alia*, the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. §§ 14501(c)(1) & 41713(b)(4)(A).

### FIFTH AFFIRMATIVE DEFENSE

### (Implied Preemption)

38. The Amended Complaint is preempted by Congressional intent to occupy the field of interstate transportation of property and because it purports to rely upon state law that actually conflicts with federal law.

### SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

39. The Amended Complaint is barred by the applicable statutes of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

### (Voluntary Payment Doctrine)

40. The Amended Complaint is barred by the voluntary payment doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Damages)

41. Plaintiff has not suffered any damages as a result of any actions taken by UPS, and plaintiff is thus barred from asserting any cause of action against UPS.

ny-536978

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

42. Plaintiff has failed to mitigate damages, if any, and to the extent of such failure to mitigate, any damages awarded to plaintiff should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

43. The Amended Complaint is barred by the doctrines of waiver and estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Indemnification from Non-Parties)

44. While denying any liability on its part, in the event that UPS is adjudged liable for any losses, damages, or injuries to plaintiff, UPS hereby asserts that any such losses, damages, or injuries were caused by the wrongful acts of third parties and/or each of their assigns and successors, and that UPS is entitled to indemnification from such third parties.

## TWELFTH AFFIRMATIVE DEFENSE

### (Contribution from Non-Parties)

45. While denying any liability on its part, in the event that UPS is adjudged liable for any losses, damages, or injuries to plaintiff, UPS hereby asserts that any such losses, damages, or injuries were caused by the wrongful acts of third parties, including third parties and/or each of their assigns and successors, and that UPS is entitled to contribution from such third parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

46. Plaintiff has failed to join parties that are indispensable for the just adjudication of this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Other Affirmative Defenses)

47. UPS reserves the right to plead additional affirmative defenses against the plaintiff as discovery progresses.

DEFENDANT - UNITED PARCEL SERVICE, INC.

By _____
Mark P. Ladner – ct24229
mladner@mofo.com

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Its Attorneys

Barry J. Waters - ct05520
bwaters@murthalaw.com
Theresa M. Parietti - ct23559
tparietti@murthalaw.com

MURTHA CULLINA LLP
Two Whitney Ave.
P.O. Box 704
New Haven, CT 06503-0704
Telephone: (203) 772-7700
Facsimile: (203) 772-7723
Its Attorneys

ny-536978

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant United Parcel Service's Amended Answer was sent via first-class, postage prepaid mail, on this 19th day of November, 2003 to: Lorenzo J. Cicchiello, Esq., Cicchiello & Cicchiello, 582 West Main Street, Norwich, CT 06360.

_____
Mark P. Ladner - ct24229

III

ny-536978